1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

JOHN M.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 3:19-CV-6195-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

14

15

16

17

18

        Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and

disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by

the undersigned Magistrate Judge. *See* Dkt. 3.

19

20

21

22

23

        After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

erred when he improperly discounted the opinions of Drs. Kathleen Mayers and Albert Luh. As

the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of

42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration

("Commissioner") for further proceedings consistent with this Order.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 1

1

<u>FACTUAL AND PROCEDURAL HISTORY</u>

2    On July 1, 2014, Plaintiff filed applications for SSI and DIB, alleging disability as of

3    June 26, 2014. *See* Dkt. 6, Administrative Record ("AR") 20. The application was denied upon

4    initial administrative review and on reconsideration. *See* AR 20. A hearing was held before ALJ

5    Richard Geib on September 21, 2016. *See* AR 55-80. In a decision dated November 14, 2016, the

6    ALJ determined Plaintiff to be not disabled. *See* AR 33. Plaintiff appealed the decision, and on

7    December 1, 2018, the United States District Court for the Western District of Washington

8    reversed and remanded the case for further proceedings. *See* AR 868-885. A new hearing was

9    held on June 18, 2019. *See* AR 777-828. On August 20, 2019, the ALJ again found Plaintiff not

10   disabled. *See* AR 771. The ALJ's August 20, 2019 decision is the final decision of the

11   Commissioner, which Plaintiff now appeals. 20 C.F.R. § 404.981, § 416.1481.

12   In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the

13   medical opinion evidence; (2) rejecting Plaintiff's testimony; and (3) evaluating the lay witness

14   testimony. Dkt. 8. Plaintiff requests the Court remand his claims for an award of benefits. *Id.*

15

<u>STANDARD OF REVIEW</u>

16   Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

17   social security benefits if the ALJ's findings are based on legal error or not supported by

18   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

19   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

20

<u>DISCUSSION</u>

21   **I.      Whether the ALJ properly considered the medical opinion evidence.**

22   Plaintiff contends the ALJ improperly evaluated the opinions of Drs. Mayers and Luh.

23   Dkt. 8, pp 3-10.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

1    In assessing an acceptable medical source, an ALJ must provide "clear and convincing"

2    reasons for rejecting the uncontradicted opinion of either a treating or examining physician.

3    *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506

4    (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or

5    examining physician's opinion is contradicted, the opinion can be rejected "for specific and

6    legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at

7    830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*,

8    722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and

9    thorough summary of the facts and conflicting clinical evidence, stating his interpretation

10   thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing

11   *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

12       A.  Dr. Mayers

13       Dr. Mayers, a Clinical Psychologist, performed a psychological evaluation of Plaintiff in

14   September 2014. AR 436-442. She opined Plaintiff is capable of understanding, remembering,

15   and carrying out two to three-stage instructions and is generally able to interact with others in a

16   work setting. AR 441. Dr. Mayers opined Plaintiff had fair to average judgment, and a fair to low

17   average for memory tasks. AR 441. She found Plaintiff's concentration was fair for three-stage

18   instructions and math tasks. AR 441. Dr. Mayers opined Plaintiff's abstract thinking was fair to

19   poor and that if pain did not interfere and if he were not required to use academic skills, "he

20   might be able to maintain attention and concentration through a normal eight-hour day." AR 441.

21   Dr. Mayers opined Plaintiff is likely able to tolerate minor changes in a competitive work

22   situation. AR 441. After conducting the evaluation, Dr. Mayers diagnosed Plaintiff with specific

23   learning disorder with impairment in mathematics and possibly other areas, depression, probably

24

1    past alcohol use disorder, arthritis, bilateral plantar fasciitis, sleep apnea, and right shoulder pain.

2    AR 440.

3          The ALJ discussed Dr. Mayers' opinion and gave it some weight, because:

4          (1) First, Dr. Mayers included a diagnoses for arthritis, bilateral plantar fasciitis,
5          sleep apnea, and right shoulder pain since surgery in 2012, which are beyond the
           scope of her examination. (2) Second, Dr. Mayers' opinion is only partially
6          supported by the medical record. Given the claimant's learning disorder,
           depression, and generally average to low average test scores, the claimant would
7          reasonably have some limits to his functional abilities. (3) However, the residual
           functional capacity accounts for the claimant's limitations by limiting him to work
8          requiring a GED reasoning, math and language level of two or less, and simple,
           routine tasks. (4) Furthermore, the claimant's statements regarding his activities of
9          daily living supports a greater level of functional ability. For example, the medical
           record revealed that, despite the claimant's alleged impairments, the claimant was
10         able to successfully attend classes at a local college. (5) Additionally, Dr. Mayers'
           own evaluation suggests a general ability to work. Dr. Mayers' [sic] noted that the
11         claimant is capable of understanding, remembering, and carrying out two to three
           stage instructions; and is generally able to interact with other [sic] in a work setting.

12   AR 768 (citations omitted) (numbering added).

13         First, the ALJ discounted Dr. Mayers' opinion because she opined to physical limitations,

14   which were "beyond the scope of her examination." AR 768. As a Clinical Psychologist, Dr.

15   Mayers' examination was limited to the assessment, diagnosis, and treatment of Plaintiff's

16   mental disorders. Thus, the ALJ could discount Dr. Mayers' limitations regarding Plaintiff's

17   physical limitations for this reason. *See* 20 C.F.R. § 404.1527(c)(5) ("[w]e generally give more

18   weight to the opinion of a specialist about medical issues related to his or her area of specialty

19   than to the opinion of a source who is not a specialist"). However, as Dr. Mayers is a Clinical

20   Psychologist, the ALJ could not discount her opinion regarding Plaintiff's psychological

21   conditions merely because she inappropriately opined to physical limitations. *See Anderson v.*

22   *Colvin*, 223 F. Supp. 3d 1108, 1121 (D. Or. 2016). Accordingly, the ALJ's first reason for

23   discounting Dr. Mayers' opinion is not specific and legitimate and supported by substantial

24

1    evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to

2    build an accurate and logical bridge from the evidence to [his] conclusions so that we may

3    afford the claimant meaningful review of the SSA's ultimate findings").

4        Second, the ALJ discounted Dr. Mayers' opinion because it is "only partially

5    supported" by the record. AR 768. An ALJ need not accept the opinion of a treating physician if

6    that opinion is inadequately supported "by the record as a whole." *See Batson v. Commissioner*

7    *of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). But a conclusory statement

8    finding an opinion is inconsistent with the overall record is insufficient to reject the opinion. *See*

9    *Embrey*, 849 F.2d 418 at 421-422. Here, the ALJ doesn't specify which limitations Dr. Mayers

10    opined to are unsupported by the record, nor does he provide any analysis to support his

11    conclusion. Without providing more analysis, the ALJ's reasoning is, by definition, conclusory.

12    *See Hess v. Colvin*, No. 14–8103, 2016 WL 1170875, at *3 (C.D. Cal. Mar. 24, 2016) (an ALJ

13    merely offers his conclusion when his statement "stands alone, without any supporting facts").

14    Thus, the ALJ's second reason for discounting Dr. Mayers' opinion is not specific and legitimate

15    and supported by substantial evidence. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir.

16    2014) ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing

17    nothing more than … criticizing it with boilerplate language that fails to offer a substantive

18    basis for his conclusion").

19        Third, the ALJ discounted Dr. Mayers' opinion by reasoning that all of Plaintiff's

20    limitations Dr. Mayers assessed are accounted for in the residual functional capacity ("RFC").

21    AR 768. An RFC is "an assessment of an individual's ability to do sustained work-related

22    physical and mental activities in a work setting on a regular and continuing basis." Social

23    Security Ruling ("SSR") 96-9p, 1996 WL 374184, at *1 (1996). An RFC must include an

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 5

1  individual's functional limitations or restrictions and assess his "work-related abilities on a

2  function-by-function basis." *Id*. Furthermore, an RFC must take into account all of an

3  individual's limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir.

4  2009).

5      Defendant argues the RFC sufficiently incorporates Dr. Mayers' opinion regarding

6  Plaintiff's ability to follow two to three-stage instructions by limiting Plaintiff to simple, routine

7  tasks and "low stress work, defined as involving only occasional changes in the work routine or

8  setting[,] … work requiring a GED reasoning, [and] math and language level of two or less." *See*

9  Dkt. 9, p. 6. The Court disagrees. The RFC does not specifically limit Plaintiff to two to three-

10  stage instructions, and it is not apparent to the Court that the RFC's language incorporates such a

11  limitation. Moreover, the ALJ failed to explain how "limiting [Plaintiff] to work requiring a

12  GED reasoning, math and language level of two or less, and simple, routine tasks" accounts for

13  all the limitations Dr. Mayers assessed. The Court therefore cannot determine whether the ALJ's

14  statement that the RFC "accounts for [Plaintiff's] limitations" is accurate. *See* AR 759-760.

15  Accordingly, the ALJ's third reason for discounting Dr. Mayers' opinion is not specific and

16  legitimate and supported by substantial evidence.

17      Fourth, the ALJ discounted Dr. Mayers' opinion because it is inconsistent with Plaintiff's

18  activities of daily living. AR 768. Specifically, the ALJ notes Plaintiff "was able to successfully

19  attend classes at a local college." AR 768. Plaintiff's ability to attend classes at a local college

20  does not necessarily show he could "perform an eight-hour workday, five days per week, or an

21  equivalent work schedule." *See* SSR 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed

22  to explain how Plaintiff's ability to attend college classes shows he could sustain a full-time

23  work schedule. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522, 523 (9th Cir.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

2008) (citing SSR 96-8p) ("[g]enerally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week"). In addition, a disability claimant "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. Accordingly, the ALJ's fourth reason for discounting Dr. Mayers' opinion is not specific and legitimate and supported by substantial evidence.

Fifth, the ALJ discounted Dr. Mayers' opinion because it suggests Plaintiff has a general ability to work. AR 768. The ALJ has a duty to translate and incorporate clinical findings into the RFC. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). As discussed above, the Court cannot determine whether the RFC includes all Dr. Mayers' opined limitations. *See* AR 759-760; *Valentine*, 574 F.3d at 690. Further, the ALJ does not adequately explain why Dr. Mayers' opinion that Plaintiff is generally able to interact with others in a work setting discounts her opinion entirely. Thus, the ALJ's fifth reason for discounting the opinion is not specific and legitimate and supported by substantial evidence.

For the above stated reasons, the Court finds the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Mayers' opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made

1  "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

2  1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

3       Here, had the ALJ given Dr. Mayers' opinion great weight, the RFC and the

4  hypothetical questions posed to the vocational expert ("VE") may have included additional

5  limitations. For example, as discussed above, Dr. Mayers opined Plaintiff is able to follow two

6  to three-stage instructions. AR 441. It is unclear whether the RFC incorporates this limitation.

7  *See* AR 759-760. Therefore, if Dr. Mayers' opinion was given great weight and additional

8  limitations were included in the RFC and in the hypothetical questions posed to the VE, the

9  ultimate disability determination may have changed. Accordingly, the ALJ's errors are not

10  harmless and require reversal.

11       B.  <u>Dr. Luh</u>

12       Dr. Luh completed a physical capacities evaluation of Plaintiff in check-the-box form

13  and opined Plaintiff can sit for one hour at a time for up to four hours in an eight-hour work

14  day. AR 460. He opined Plaintiff can stand and/or walk for thirty minutes at a time for a total

15  of one hour per eight-hour work day. AR 460. Dr. Luh opined Plaintiff can frequently lift or

16  carry ten pounds and occasionally twenty pounds. AR 460. Dr. Luh found Plaintiff cannot use

17  his hands for repetitive action such as pushing and pulling. AR 460. Although he found

18  Plaintiff cannot bend, squat or crawl, Dr. Luh opined Plaintiff can occasionally climb and

19  reach above shoulder level. AR 460. In support of these limitations, Dr. Luh noted that

20  Plaintiff "suffers many complications from severe obesity including bilateral plantar fasciitis,

21  sleep apnea, [and] pre-diabetes." AR 461. Lastly, Dr. Luh opined Plaintiff is likely to miss

22  more than four days of work per month. *See* AR 461.

23       The ALJ discussed Dr. Luh's opinion and gave it little weight, saying:

24

(1) Dr. Luh's opinion is unsupported by and inconsistent with the medical record. Dr. Luh's opinion overestimates the claimant's limitations. Notably, nothing in the medical record supports the assessment that the claimant would miss more than four days per month due to his conditions. As noted above, the objective evidence, found in the medical record, appears to suggest a greater level of function. (2) Additionally, the medical record suggests the claimant's condition improved with treatment. (3) Moreover, the claimant's statements regarding his activities of daily living support a greater level of function. In fact, the medical record also revealed the claimant was able to successfully attend classes at a local college.

AR 767 (citations omitted) (numbering added).

Defendant concedes the ALJ's second reason is invalid and the Court will not address this reason. *See* Dkt. 9, pp. 3-5. Accordingly, the Court limits its analysis to the ALJ's first and third reasons.

First, the ALJ discounted Dr. Luh's opinion because it is "unsupported by and inconsistent" with the record. AR 767. An ALJ need not accept the opinion of a treating physician if that opinion is inadequately supported "by the record as a whole." *See Batson*, 359 F.3d at 1195. When discounting an opinion for this reason, the ALJ must "build an accurate and logical bridge from the evidence to [his] conclusions" so that the Court "may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes*, 331 F.3d at 569.

Here, the ALJ claims Dr. Luh's opinion is unsupported by and inconsistent with the record and asserts that "the objective evidence, found in the medical record, appears to suggest a greater level of function." AR 767. The ALJ then cites to several pages in the record in support of his conclusion. *See* AR 767 citing AR 341, 346, 348-351, 459, 462, 465, 481, 488, 511, 620, 716, 719, 1129, 1176, 1184, 1189, 1192. But the ALJ does not specify what "objective evidence" he is referring to and failed to specify what evidence contained in the citations he provided contradicts Dr. Luh's opinion that Plaintiff would miss four days of work

per month. Nor does the ALJ explain how the records he cited to show Plaintiff is capable of a "greater level of function." As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421-422.

Without an adequate explanation to support the alleged inconsistency, the Court cannot determine if the alleged inconsistency is a valid reason to discredit Dr. Luh's opinion. *See Blakes*, 331 F.3d at 569. Thus, the ALJ's first reason for discounting Dr. Luh's opinion is not specific and legitimate and supported by substantial evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence").

The ALJ's third reason to discount Dr. Luh's opinion, that Plaintiff's activities of daily living support a greater level of function, parallels the ALJ's fourth reason for discounting Dr. Mayers' opinion. As the ALJ did with Dr. Mayers' opinion, Plaintiff's ability to attend classes at a local college does not necessarily show he could "perform an eight-hour workday, five days per week, or an equivalent work schedule." *See* SSR 96-8p, 1996 WL 374184, at *1. The ALJ also failed to explain how Plaintiff's ability to attend college classes shows he could sustain a full-time work schedule. *See Mulanax*, 293 Fed. Appx. at 523. In addition, a disability claimant "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. Therefore, the ALJ's third reason for discounting Dr. Luh's opinion is not specific and legitimate and supported by substantial evidence.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 10

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for assigning little weight to Dr. Luh's opinion. Accordingly, the ALJ is directed to reassess Dr. Luh's opinion on remand.

**II.      Whether the ALJ properly considered Plaintiff's testimony and the lay witness testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations and alleges the ALJ failed to provide germane reasons for discounting the lay witness testimony. Dkt. 18, pp. 10-18. The Court concludes the ALJ committed harmful error in assessing the opinions of Drs. Mayers and Luh. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony and the lay witness testimony, the ALJ must reconsider Plaintiff's subjective testimony and the lay witness testimony on remand.

**III.      Whether this case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 8. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record

that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has directed the ALJ to reconsider the opinions of Drs. Mayers and Luh on remand. *See* Section I, *supra*. The Court has also directed the ALJ to reconsider Plaintiff's testimony and the lay witness testimony on remand. *See* Section II, *supra*. For these reasons, the Court finds there are outstanding issues that must be resolved concerning Plaintiff's functional capabilities and his ability to perform jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

<u>CONCLUSION</u>

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 15th day of June, 2020.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 12